**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CLARK COUNTY, WASHINGTON,**  )<br>1300 Franklin Street,  )<br>Vancouver, WA 98666;  )<br>  )<br>**CITY OF VANCOUVER, WASHINGTON,**  )<br>210 E. 13th St.,  )<br>Vancouver, WA 98668;  )<br>  )<br>**CITIZENS AGAINST RESERVATION**  )<br>**SHOPPING (CARS)**  )<br>703 Broadway, Suite 610  )<br>Vancouver, WA 98660;  )<br>  )<br>**AL ALEXANDERSON**  )<br>4219 NW 328th Street,  )<br>Ridgefield, WA 98642;  )<br>  )<br>**GREG AND SUSAN GILBERT**  )<br>2600 NW 329th Street  )<br>Ridgefield, WA 98642;  )<br>  )<br>**DRAGONSLAYER, INC.**  )<br>225 W. 4th Street  )<br>La Center, WA 98629  )<br>  )<br>**and**  )<br>  )<br>**MICHELS DEVELOPMENT, LLC**  )<br>8200 Tacoma Mall Blvd.  )<br>Lakewood, WA 98499  )<br>  )<br>         *Plaintiffs*,  )<br>  )<br>v.  )<br>  )<br>**UNITED STATES DEPARTMENT OF THE**  )<br>**INTERIOR**  )<br>1849 C Street, N.W.  )<br>Washington, D.C. 20240  )<br>  )<br>**KEN L. SALAZAR, in his official capacity as**  )<br>**Secretary of the Interior**  )| **Case No. 1:11-cv-00278-RWR**<br>Judge Richard W. Roberts |

| | |
|---|---|
| **U.S. Department of the Interior** | ) |
| 1849 C Street, N.W. | ) |
| Washington DC 20240; | ) |
| | ) |
| **BUREAU OF INDIAN AFFAIRS** | ) |
| U.S. Department of the Interior | ) |
| 1849 C Street, N.W. | ) |
| Washington DC 20240 | ) |
| | ) |
| **LARRY ECHO HAWK**, in his official capacity as | ) |
| Assistant Secretary of the Interior – Indian Affairs | ) |
| U.S. Department of the Interior | ) |
| 1849 C Street, N.W. | ) |
| Washington DC 20240; | ) |
| | ) |
| **NATIONAL INDIAN GAMING COMMISSION** | ) |
| 1441 L. Street NW | ) |
| Suite 9100 | ) |
| Washington DC 20005, | ) |
| | ) |
| and, | ) |
| | ) |
| **TRACIE STEVENS**, in her official capacity as | ) |
| Chairwoman of the National Indian Gaming | ) |
| Commission | ) |
| 1441 L. Street NW | ) |
| Suite 9100 | ) |
| Washington DC 20005; | ) |
| | ) |
| *Defendants*. | ) |

**UNITED STATES' RESPONSE TO THE COWLITZ INDIAN TRIBE'S MOTION TO INTERVENE**

On April 15, 2011, the Cowlitz Indian Tribe ("Cowlitz" or "Tribe") moved to intervene as a defendant in this lawsuit. (Doc. 18-1). The Federal Defendants (the "United States") responded to that motion on May 13, 2011. (Doc. 22). On June 21, 2011, in a Minute Order, the Court denied the motion to intervene without prejudice for failure to comply with Federal Rule of

2

Civil Procedure 24 (c) and Local Rule 7(j). On July 13, 2011, the Cowlitz filed a second motion to intervene, which includes a Proposed Answer. (Docs. 25-1, 25-15). The United States respectfully file this response to the Tribe's Motion to Intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2), or in the alternative, by permissive intervention under Fed. R. Civ. P. 24(b).

Plaintiffs bring this action under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), challenging the Secretary's decision to acquire approximately 152 acres of land in trust for the Cowlitz pursuant to Section 5 of the Indian Reorganization Act, and alleging that the gaming decision and the environmental impact statement prepared as part of that decision violated the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-2721, and the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370.

The United States does not oppose the Tribe's request for permissive intervention pursuant to Fed. R. Civ. P. 24(b). However, the United States opposes the Tribe's intervention as a matter of right because its interests in defending the agency decision are adequately represented by the United States.

### I.   ARGUMENT

An entity must satisfy four requirements in order to intervene as a matter of right pursuant to Rule 24(a)(2): "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." S.E.C. v. Prudential Sec. Inc., 136 F.3d 153, 156 (D.C. Cir. 1998).

The Cowlitz cannot satisfy the fourth prong of the test because its interests in defending

the agency decision are adequately represented by an existing party, the United States.  The United States is defending the challenged agency decisions and in so doing, is adequately representing the Tribe's interest in having the agency decision upheld.  Cf. SW. Ctr. for Biological Diversity v. Babbitt, 150 F.3d 1152, 1154 (9th Cir. 1998) (United States adequately represents absent Indian community where government and community share "strong interest in defeating" a challenge to agency action).  The burden rests with the Tribe to show otherwise.  See Dimond v. District of Columbia, 792 F.2d 179, 192 (D.C. Cir. 1986) ("The original burden of showing inadequate representation rests on the applicant for intervention.").[1/]

In suits involving a challenge to the Secretary of the Interior's determination to accept land into trust on behalf of a tribe, or to qualify land as eligible for gaming under section 20 of IGRA, courts have found that the interest of the Secretary in "defending his determinations is 'virtually identical' to the interests of the [beneficiary tribe]."  Sac and Fox Nation of Mo. v. Norton, 240 F.3d 1250, 1259 (10th Cir. 2001) (citation omitted); see Kansas v. United States, 249 F.3d 1213, 1226-27 (10th Cir. 2001) (tribe not indispensable party in challenge to Interior's decision that tribe's parcel qualified for gaming under section 20 of IGRA because the United States' interests were "substantially similar, if not identical," to tribe's interests in upholding the decision); see also Neighbors of Casino San Pablo v. Salazar, No. 1:09-cv-02384-RJL (D.D.C.

---

[1/] The adequacy of representation analysis under Fed. R. Civ. P. 24(a) parallels that under Fed. R. Civ. P. 19.  See Shermoen v. United States, 982 F.2d 1312, 1318 (9th Cir. 1992) ("In assessing an absent party's necessity under Fed. R. Civ. P. 19(a), the question whether that party is adequately represented parallels the question whether a party's interests are so inadequately represented by existing parties as to permit intervention as of right under Fed. R. Civ. P. 24(a)").  See also Fed. R. Civ. P. 24, Advisory Comm. Notes, 1966 Amend. ("Intervention of right is here seen to be a kind of counterpart to Rule 19(a)(i) on joinder of persons needed for a just adjudication").  In this case, the Tribe's interests are adequately represented, both under a Rule 19 and Rule 24 analysis.

Feb. 16, 2011) (order denying the tribe's intervention as of right, but granting permissive intervention); Mich. Gambling Opposition v. Norton, No. 1:05-cv-01181-JGP (D.D.C. Sept. 9, 2005) (memorandum opinion denying the tribe's intervention as a matter of right, but granting permissive intervention in case involving challenge to Secretary's decision to acquire land into trust for gaming purposes); TOMAC v. Norton, No. 1:01-cv-00398-JR (D.D.C. June 10, 2005) (order amending the granting of tribe's intervention as a matter of right to granting permissive intervention in case involving challenge to Secretary's decision to acquire land in trust for gaming purposes).

Because the United States' interests in upholding the Secretary's decisions in this case are virtually identical to the Tribe's interests, intervention as of right is inappropriate and should be denied.  However, the Tribe should be permitted permissive intervention, since its claims and defenses have a common question of law and fact with this action.

## II.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the Tribe's motion for permissive intervention under Fed. R. Civ. P. 24(b) and deny intervention as a matter of right under Fed. R. Civ. P. 24(a).


Dated: July 20, 2011                                        Respectfully submitted,

                                                            IGNACIA S. MORENO
                                                            Assistant Attorney General
                                                            United States Department of Justice
                                                            Environment and Natural Resources
                                                                Division

                                                                /s/ Gina L. Allery

<table>
<tr><td>

OF COUNSEL:
Douglas Wolf
United States Department of the Interior
1849 C Street NW
Washington, D.C. 20240

Melissa Schlichting
Staff Attorney
National Indian Gaming Commission
1441 L Street NW, Suite 9100
Washington, D.C. 20005

</td><td>

GINA L. ALLERY
D.C. Bar No. 485903
Trial Attorney
United States Department of Justice
Environment and Natural Resources
   Division
Indian Resources Section
P.O. Box 44378
L'Enfant Plaza Station
Washington, D.C.  20026-4378
Phone:  (202) 305-0261
Fax: (202) 305-0291
E-mail: Gina.allery@usdoj.gov

SAMANTHA KLEIN FRANK
U.S. Department of Justice
Environment and Natural Resources
   Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Phone: (202) 305-0474
Fax: (202) 305-0506
E-mail: samantha.frank@usdoj.gov

</td></tr>
</table>