# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARK COUNTY, WASHINGTON,<br>1300 Franklin Street,<br>Vancouver, WA 98666,<br><br>CITY OF VANCOUVER, WASHINGTON,<br>210 E.13th St.,<br>Vancouver, WA 98668,<br><br>CITIZENS AGAINST RESERVATION<br>SHOPPING (CARS),<br>703 Broadway, Suite 610<br>Vancouver, WA, 98660,<br><br>AL ALEXANDERSON,<br>4219 NW 328th Street,<br>Ridgefield, WA 98642,<br><br>GREG AND SUSAN GILBERT,<br>2600 NW 329th Street,<br>Ridgefield, WA 98642,<br><br>DRAGONSLAYER, INC.,<br>225 W. 4th Street<br>La Center, WA 98629, and<br><br>MICHELS<br>DEVELOPMENT, LLC<br>8200 Tacoma Mall Blvd.<br>Lakewood, WA 98499,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE<br>INTERIOR<br>1849 C Street, N.W.<br>Washington, DC 20240,<br><br>KENNETH SALAZAR<br>*in his official capacity as* Secretary<br>U.S. Department of the Interior<br>1849 C Street, N.W. | Case No. 1:11-cv-00278<br>Judge Richard W. Roberts<br><br>**PROPOSED ANSWER OF INTERVENOR COWLITZ INDIAN TRIBE TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Washington, DC 20240,

BUREAU OF INDIAN AFFAIRS
U.S. Department of the Interior,
1849 C Street, N.W.
Washington, DC 20240,

LARRY ECHOHAWK
*in his official capacity as*
Assistant Secretary Bureau of Indian Affairs
U.S. Department of the Interior
1849 C Street, N.W.
Washington, DC 20240,

NATIONAL INDIAN GAMING
COMMISSION
1441 L Street NW, Suite 9100
Washington, DC 20005,

TRACIE STEVENS
*in her official capacity as* Chairwoman
National Indian Gaming Commission
1441 L Street NW, Suite 9100
Washington, DC 20005,

                              *Defendants.*

COWLITZ INDIAN TRIBE, a federally
recognized Indian Tribe
c/o Hon. William Iyall, Chairman
Tribal Headquarters, P.O. Box 2547
Longview, WA 98632
                              *Intervenor.*

Intervenor Cowlitz Indian Tribe ("Tribe" or "Intervenor"), a federally-recognized Indian

Tribe, submits this Answer to Plaintiffs' Complaint.  The Tribe answers the correspondingly

numbered paragraphs of Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint")

as follows:

INTRODUCTION

1.      The allegations contained in Paragraph one set forth the Plaintiffs' characterization of this suit and conclusions of law, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

2.      The allegations contained in Paragraph two set forth the Plaintiffs' characterization of this suit and conclusions of law, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

3.       The allegations contained in Paragraph three set forth the Plaintiffs' characterization of this suit and conclusions of law, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

4.      The allegations contained in Paragraph four set forth the Plaintiffs' characterization of this suit and conclusions of law, to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

JURISDICTION

5.      The allegations in Paragraph five state legal conclusions and require no response.  To the extent a response is required, Intervenor denies the allegations.

6.      The allegations in Paragraph six state legal conclusions and require no response.  To the extent a response is required, Intervenor denies the allegations.

PARTIES

7.      Intervenor is without knowledge or information sufficient to determine the truth of the allegations in the first two sentences in Paragraph seven, and therefore denies those allegations. The remainder of the allegations in Paragraph seven state legal conclusions and require no response. To the extent a response is required, Intervenor denies the allegations.

8.      Intervenor is without knowledge or information sufficient to determine the truth of

the allegations in the first two sentences of Paragraph eight, and therefore denies those allegations. The remainder of the allegations in Paragraph eight state legal conclusions and require no response. To the extent a response is required, Intervenor denies the allegations.

9.      Intervenor is without knowledge or information sufficient to determine the truth of the allegations in the first three sentences of Paragraph nine, and therefore denies those allegations. The remainder of the allegations in Paragraph nine state legal conclusions and require no response. To the extent a response is required, Intervenor denies the allegations.

10.      Intervenor is without knowledge or information sufficient to determine the truth of the allegations in Paragraph ten, and therefore denies those allegations.

11.      Intervenor is without knowledge or information sufficient to determine the truth of the allegations in the first five sentences in Paragraph eleven, and therefore denies those allegations. The remainder of the allegations in Paragraph eleven state legal conclusions and require no response.  To the extent a response is required, Intervenor denies the allegations.

12.      Intervenor is without knowledge or information sufficient to determine the truth of the allegations in Paragraph twelve, and therefore denies those allegations.

13.      Intervenor is without knowledge or information sufficient to determine the truth of the allegations in Paragraph thirteen, and therefore denies those allegations.

14.      Intervenor admits the allegations contained in Paragraph fourteen of the Complaint.

15.      Intervenor admits the allegations contained in Paragraph fifteen of the Complaint.

16.      Intervenor admits that the Bureau of Indian Affairs is the Bureau within the Department of the Interior that is charged with overseeing Indian affairs.

17.      Intervenor admits the allegations contained in Paragraph seventeen of the Complaint.

18.      Intervenor admits that the National Indian Gaming Commission ("NIGC") is a

federal agency charged with certain regulatory responsibilities as provided in the Indian Gaming Regulatory Act (IGRA), which speaks for itself.

19.     Intervenor admits the allegations contained in Paragraph nineteen of the Complaint.

<u>FACTS</u>

20.     Intervenor admits the allegations in the first two sentences of Paragraph 20 of the Complaint.  The allegations contained in the last sentence of Paragraph twenty of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

21.     Intervenor admits that its fee lands, tribal offices, and casino parcel are located in the areas alleged in Paragraph twenty-one and that David Barnett, a Tribal member and son of then-Tribal Chairman John Barnett, originally purchased options on certain parcels comprising the casino parcel, which is located west of Interstate 5 at the NW 319th Street Interchange.  Intervenor denies the remaining allegations in the paragraph.

***The First NEPA Review***

22.     The allegations contained in the first sentence of Paragraph twenty-two characterize a federal regulation and the FTT application, each of which speaks for itself.  To the extent that the allegations are inconsistent with the regulation of the FTT application, Intervenor denies the allegations.  The allegations in the second sentence of Paragraph twenty-two characterize the FTT application, which speaks for itself.  To the extent the allegations are inconsistent with the FTT application, Intervenor denies the allegations.

23.     Intervenor admits the allegations contained in the first sentence of Paragraph twenty-three of the Complaint.  Intervenor lacks information or knowledge sufficient to admit or deny the allegations contained in the second sentence of Paragraph twenty-three of the Complaint.

24.     Intervenor lacks information and knowledge sufficient to admit or deny the

allegations contained in the first sentence of Paragraph twenty-four of the Complaint.  Intervenor

denies the allegations in the second sentence of Paragraph twenty-four, but admits that the Tribe

filed an amended FTT application in 2004.

### The County's Efforts to Negotiate an MOU to Protect Its Interests

25.     Intervenor admits the allegations contained in the first sentence of Paragraph

twenty-five.  Intervenor is without knowledge or information sufficient to determine the truth of the

remainder of Paragraph twenty-five, and therefore denies those allegations.

26.     The allegations contained in Paragraph twenty-six of the Complaint characterize the

MOU between the County and the Tribe, which speaks for itself.  To the extent the allegations are

inconsistent with the MOU, Intervenor denies the allegations.

### The Tribe's 2004 FTT

27.     Intervenor admits that it filed an amended FTT application for the casino parcel on

March 2, 2004.

28.     Intervenor admits that the notices referenced in Paragraph twenty-eight of the

Complaint were sent to the County at the time alleged.  To the extent that the allegations in the

second sentence characterize the DOI notice to the County, the notice speaks for itself.  To the

extent the allegations are inconsistent with the DOI notice, Intervenor denies the allegations.

29.     The allegations in Paragraph twenty-nine of the Complaint characterize a federal

statute, which speaks for itself.  To the extent the allegations are inconsistent with the statute,

Intervenor denies the allegations.

30.     Intervenor denies the allegations in the first sentence of Paragraph thirty.  The

allegations in the second sentence regarding whether gaming is addressed in the MOU characterizes

the MOU between the County and the Tribe, which speaks for itself, but Intervenor notes that the

MOU explicitly addresses gaming in several provisions, *see* ¶ 11.1, ¶ 12.1, ¶ 12.2, and ¶ 17.4.  To the

extent the allegations in the second sentence regarding whether the MOU addresses gaming are inconsistent with the MOU, Intervenor denies the allegations. Intervenor is without knowledge or information sufficient to deny the remaining allegations in the second sentence of Paragraph thirty.

***The Second NEPA Review***

31.    Intervenor admits that it prepared an environmental assessment during the fall of 2003. The remainder of the allegations contained in Paragraph thirty-one characterize the EA, which speaks for itself. To the extent the allegations are inconsistent with the EA, Intervenor denies the allegations.

32.    Intervenor admits that DOI made the environmental assessment ("EA") available for public comment at the time alleged in Paragraph thirty-two of the Complaint. The remaining allegations contained in the paragraph characterize the Plaintiffs' claims and state legal conclusions to which no response is required. To the extent a response is required, Intervenor denies the allegations.

33.    Intervenor admits that several months after it submitted its revised FTT application in 2004, the Tribe announced a partnership with Salishan-Mohegan, LLC, a partnership formed by the Mohegan Tribe of Connecticut and Salishan, LLC, to develop a casino. The remainder of Paragraph thirty-three characterizes a Federal Register notice, which speaks for itself. To the extent those allegations are inconsistent with the Federal Register notice, Intervenor denies the allegations.

***The Restored Tribe/Restored Lands Request***

34.    Intervenor admits that it submitted a gaming ordinance to the NIGC on the date alleged in Paragraph thirty-four of the Complaint. The remaining allegations contained in Paragraph thirty-four characterize a federal statute and a federal regulation, each of which speaks for itself. To the extent the allegations are inconsistent with the federal statute and federal regulation, Intervenor denies the allegations.

35.     Intervenor admits the allegations in the first sentence of Paragraph thirty-five of the Complaint.  The allegations in the remainder of Paragraph thirty-five characterize a federal regulation, which speaks for itself.  To the extent that the allegations are inconsistent with the federal regulation, Intervenor denies the allegations.  The remaining allegations contained in the paragraph state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

36.     The allegations contained in the first and second sentences of Paragraph thirty-six of the Complaint characterize Plaintiffs' claims and state legal conclusions to which no response is required.  To the extent a response is required to any of the allegations in Paragraph thirty-six, Intervenor denies the allegations.

37.     Intervenor is without knowledge or information sufficient to determine the truth of the allegations in the first sentence of Paragraph thirty-seven of the Complaint, and therefore denies those allegations.  The allegations contained in the second sentence in the paragraph characterize certain documents, each of which speaks for itself.  To the extent the allegations are inconsistent with those documents, Intervenor denies the allegations.

38.     Intervenor is without knowledge or information sufficient to determine the truth of the allegations in Paragraph thirty-eight, and therefore denies those allegations.

39.     Intervenor admits that the NIGC Acting General Counsel provided a legal opinion dated November 22, 2005 entitled "Cowlitz Restored Lands Opinion," to the NIGC Chairman, and that the Chairman issued his decision to approve the Tribe's gaming ordinance on November 23, 2005.  The remaining allegations in Paragraph thirty-nine attempt to characterize the restored lands opinion and the Chairman's decision to approve the Tribe's gaming ordinance, both of which speak for themselves.  To the extent the allegations in Paragraph thirty-nine are inconsistent with the restored lands opinion or the Chairman's decision to approve the Tribe's gaming ordinance,

Intervenor denies those allegations.

40.     The allegations contained in Paragraph forty characterize testimony before the Senate Committee on Indian Affairs, which speaks for itself.  To the extent the allegations are inconsistent with that testimony, Intervenor denies the allegations.

41.     Intervenor is without knowledge or sufficient information to determine the truth of the allegations in Paragraph forty-one, and therefore denies those allegations.

42.     Intervenor is without knowledge or sufficient information to determine the truth of the allegations in Paragraph forty-two, and therefore denies the allegations.

43.     The allegations contained in Paragraph forty-three of the Complaint characterize a federal regulation, which speaks for itself.  To the extent the allegations are inconsistent with the federal regulation, Intervenor denies the allegations.

44.     The allegations contained in Paragraph forty-four of the Complaint characterize a portion of the Record of Decision (ROD), which speaks for itself.  To the extent the allegations are inconsistent with the ROD, Intervenor denies the allegations.

**The Draft EIS Process**

45.     Intervenor admits the allegations contained in the first sentence of Paragraph forty-five of the Complaint.  Intervenor denies the allegations in the second sentence, because DOI issued the draft Environmental Impact Statement ("EIS") on April 12, 2006.  The remaining allegations in the paragraph characterize the Plaintiffs' claims and state legal conclusions to which no response is required, or characterize the draft EIS, which speaks for itself.  To the extent a response is required, or the allegations are inconsistent with the draft EIS, Intervenor denies the allegations.

46.     Intervenor admits that it filed a revised FTT application on June 6, 2006, and that DOI extended the comment period on the draft EIS until August 25, 2006.  Intervenor also admits that it filed a revised request for a reservation proclamation in August 2006.  The remaining

allegations in Paragraph forty-six attempt to characterize a Federal Register notice, the Tribe's revised FTT application and the Tribe's revised request for a reservation proclamation, each of which speaks for itself. To the extent the allegations are inconsistent with the Federal Register notice, revised FTT application, or revised reservation proclamation request, Intervenor denies the allegations.

47.     The allegations contained in Paragraph forty-seven characterize the Plaintiffs' claims and state legal conclusions to which no response is required. To the extent a response is required, Intervenor denies the allegations. Further, the allegations contained in the paragraph characterize a portion of the draft EIS, which speaks for itself. To the extent the allegations are inconsistent with the draft EIS, Intervenor denies the allegations.

**Substitution of the MOU with the Environment, Health and Safety Ordinance**

48.     The allegations contained in Paragraph forty-eight reference characterize the draft EIS, which speaks for itself. To the extent the allegations are inconsistent with the draft EIS, Intervenor denies the allegations.

49.     Intervenor admits that DOI was informed of the Western Washington Growth Management Hearing Board determination. The remaining allegations in Paragraph forty-nine of the Complaint characterize the draft EIS, which speaks for itself, or state legal conclusions to which no response is required. To the extent a response is required, or the allegations are inconsistent with the draft EIS, Intervenor denies the allegations.

50.     Intervenor denies the first sentence of Paragraph fifty of the Complaint. On October 6, 2007, the Tribe adopted an ordinance entitled "Environment and Public Health and Safety Protections for the Construction and Operation of the Cowlitz Indian Tribe Gaming Facility" (EPHS Ordinance)," and an amendment to its 2005 tribal gaming ordinance which references and incorporates the EPHS Ordinance, both of which speak for themselves. To the extent the

allegations in the first sentence are inconsistent with the Tribe's EPHS Ordinance or the amended tribal gaming ordinance, Intervenor denies the allegations.  The allegations contained in the second sentence of Paragraph fifty characterize the EPHS Ordinance, which speaks for itself.  To the extent the allegations are inconsistent with the EPHS Ordinance, Intervenor denies the allegations.

51.     The allegations contained in Paragraph fifty-one of the Complaint state legal conclusions to which no response is required.  Further, the allegations contained in the paragraph characterize a federal regulation, which speaks for itself.  To the extent the allegations are inconsistent with the federal regulation, or otherwise require a response, Intervenor denies the allegations.

52.     The allegations in Paragraph fifty-two characterize the final EIS and ROD, which speak for themselves.  To the extent the allegations are inconsistent with the final EIS or ROD, Intervenor denies the allegations.  Finally, Intervenor denies that there were "EPHS and TECO ordinances," as there was only one ordinance amendment incorporating the Tribe's EPHS ordinance.

**Final EIS Review**

53.     Intervenor admits that the Regional BIA released the preliminary final EIS to cooperating agencies on or about March 2007.  The remaining allegations contained in Paragraph fifty-three characterize the preliminary final EIS, which speaks for itself.  To the extent the allegations are inconsistent with the preliminary final EIS, Intervenor denies the allegations.

54.     The allegations contained in the first sentence of Paragraph fifty-four of the Complaint characterize the Tribe's Unmet Needs Report, the final EIS, and the ROD, each of which speaks for itself.  To the extent that the allegations are inconsistent with the Tribe's Unmet Needs Report, the final EIS and the ROD, Intervenor denies the allegations.

55.     The allegations contained in Paragraph fifty-five of the Complaint state conclusions

of law to which no response is required.  To the extent a response is required, Intervenor denies the allegations.  Further, the paragraph references and characterizes the final EIS, which speaks for itself.  To the extent that the allegations are inconsistent with the final EIS, Intervenor denies the allegations.

56.     Intervenor is without knowledge or information sufficient to determine the truth of the allegations in Paragraph fifty-six of the Complaint, and therefore denies those allegations.

### DOI's Lack of Oversight Over EIS Process

57.     The allegations contained in the first sentence of Paragraph fifty-seven of the Complaint characterize a federal regulation, which speaks for itself.  Intervenor admits the allegations contained in the second sentence of the paragraph.  The allegations contained in the third sentence of the paragraph state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.  Intervernor admits that DOI selected the contractor Analytical Environmental Services ("AES") to conduct the environmental studies related to the FTT application, but is without knowledge or information sufficient to determine the truth of the allegations regarding the basis for DOI's selection of AES.

58.     Intervenor admits the allegations contained in the first sentence of Paragraph fifty-eight of the Complaint.  The remaining allegations contained in the paragraph quote and characterize the subject MOU, which speaks for itself.  To the extent the allegations are inconsistent with the MOU, Intervenor denies the allegations.

59.     The allegations contained in Paragraph fifty-nine of the Complaint characterize documents obtained by the Card Rooms through a Freedom of Information Act (FOIA) request, which speak for themselves.  To the extent the allegations are inconsistent with the documents obtained by the Card Rooms, Intervenor denies the allegations.

60.     Intervenor is without knowledge or information sufficient to determine the truth of

the allegations in the first sentence of Paragraph sixty of the Complaint, and therefore denies those allegations.  The second sentence of Paragraph sixty of the Complaint attempts to characterize the ROD, which speaks for itself.  To the extent the allegations are inconsistent with the ROD, Intervenor denies the allegations.

### Review of the Tribe's Status Under Carcieri

61.     The allegations contained in Paragraph sixty-one of the Complaint quote and characterize a federal statute, which speaks for itself.  To the extent that the allegations are inconsistent with the federal statute, Intervenor denies the allegations.

62.     The allegations contained in Paragraph sixty-two of the Complaint attempt to characterize the opinion in *Carcieri v. Salazar*, 555 U.S. ___, 129 S. Ct. 1058 (2009), which speaks for itself.  To the extent that the allegations are inconsistent with the *Carcieri* opinion, Intervenor denies the allegations.

63.     The allegations contained in Paragraph sixty-three of the Complaint quote and characterize a legal opinion provided by the NIGC General Counsel to the NIGC Chairman in 2005, which speaks for itself.  Intervenor denies that the legal opinion standing alone constitutes a "determination."  To the extent that the allegations in the paragraph are inconsistent with the legal opinion, Intervenor denies the allegations.

64.     The allegations in Paragraph sixty-four of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

65.     The allegations contained in Paragraph sixty-five of the Complaint characterize the ROD, which speaks for itself.  To the extent the allegations are inconsistent with the ROD, Intervenor denies the allegations.  The allegations contained in the paragraph also state legal conclusions, to which no response is required.  To the extent a response is required, Intervenor

denies the allegations.

66.     Intervenor admits that on January 4, 2011, DOI published notice of its December 17, 2010 ROD in the Federal Register.  The remainder of the allegations contained in the first sentence of Paragraph sixty-six of the Complaint attempt to characterize the Federal Register notice, which speaks for itself.  To the extent the allegations are inconsistent with the Federal Register notice, Intervenor denies the allegations.  The allegations contained in the second sentence of the paragraph characterize a federal statute and a federal regulation, which speak for themselves, and state legal conclusions, to which no response is required.  To the extent the allegations are inconsistent with the federal statute and the federal regulation, or a response is otherwise required, Intervenor denies the allegations.

FIRST CLAIM

67.     Intervenor hereby incorporates by reference its answers to Paragraphs one through sixty-six of the Complaint.

68.     The allegations contained in Paragraph sixty-eight of the Complaint characterize a federal statute, which speaks for itself, and state legal conclusions to which no response is required.  To the extent the allegations are inconsistent with the federal statute, or otherwise require a response, Intervenor denies the allegations.

69.     The allegations in Paragraph sixty-nine of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

70.     The allegations in Paragraph seventy of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

SECOND CLAIM

71.     Intervenor hereby incorporates by reference its answers to Paragraphs one through seventy of the Complaint.

72.     The allegations contained in Paragraph seventy-two of the Complaint characterize a federal statute and its implementing regulations, each of which speak for itself.  To the extent that the allegations are inconsistent with the federal statute and regulations, Intervenor denies the allegations.

73.     The allegations contained in Paragraph seventy-three of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

74.     The allegations contained in Paragraph seventy-four of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

75.     The allegations contained in Paragraph seventy-five of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.


THIRD CLAIM

76.     Intervenor hereby incorporates by reference its answers to Paragraphs one through seventy-five of the Complaint.

77.     The allegations contained in Paragraph seventy-seven of the Complaint characterize a federal statute, which speaks for itself.  To the extent that the allegations are inconsistent with the federal statute, Intervenor denies the allegations.

78.     The allegations contained in Paragraph seventy-eight of the Complaint characterize a federal regulation, which speaks for itself.  To the extent the allegations are inconsistent with the

federal regulation, Intervenor denies the allegations.

79.    The allegations contained in Paragraph seventy-nine of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

80.    The allegations contained in Paragraph eighty of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

<u>FOURTH CLAIM</u>

81.    Intervenor hereby incorporates by reference its answers to Paragraphs one through eighty of the Complaint.

82.    The allegations contained in Paragraph eighty-two of the Complaint characterize a federal statute and its implementing regulations, which speak for themselves.  To the extent the allegations are inconsistent with the federal statute and its implementing regulations, Intervenor denies the allegations.   Further, the allegations contained in Paragraph eighty-two state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

83.     The allegations contained in Paragraph eighty-three of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

84.    The allegations contained in Paragraph eighty-four of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

<u>FIFTH CLAIM</u>

85.    Intervenor hereby incorporates by reference its answers to Paragraphs one through

eighty-four of the Complaint.

86.     The allegations contained in Paragraph eighty-six of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

87.     The allegations contained in Paragraph eighty-seven of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

88.     The allegations contained in Paragraph eighty-eight of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

89.     The allegations contained in Paragraph eighty-nine of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

90.     The allegations contained in Paragraph ninety of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

91.     The allegations contained in Paragraph ninety-one of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

92.     The allegations contained in Paragraph ninety-two of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

93.     The allegations contained in Paragraph ninety-three of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor

denies the allegations.

94.     The allegations contained in Paragraph ninety-four of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Intervenor denies the allegations.

ANSWER TO PRAYER FOR RELIEF

The remainder of the Complaint, including the WHEREFORE clause and paragraphs that follow, contain the Plaintiffs' requests for relief to which no responsive pleading is required.  To the extent any response to those portions of the Complaint is deemed to be required, Intervenor denies all the allegations set forth therein and denies that Plaintiffs are entitled to and of the relief requested, or to any other forms of relief.

GENERAL DENIAL

Intervenor denies each and every allegation of the Complaint that has not been specifically admitted or responded to herein.

Dated: July 13, 2011                              Respectfully Submitted,

/s/Robert D. Luskin
Robert D. Luskin (DC Bar No. 293621)
V. Heather Sibbison (DC Bar No. 422632)
Edward D. Gehres, III (DC Bar No. 478565)
Suzanne Schaeffer (DC Bar No. 429735)
PATTON BOGGS LLP
2550 M Street NW
Washington DC  20037
P: 202.457.6000
F: 202.457.6315
rluskin@pattonboggs.com
hsibbison@pattonboggs.com
egehres@pattonboggs.com
sschaeffer@pattonboggs.com

*Counsel for the Cowlitz Indian Tribe*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2011, I electronically filed the foregoing Proposed Answer using the CM/ECF system which will send notification of such filing to all counsel of record.

By : /s/ Edward D. Gehres, III
          Edward D. Gehres, III

*Counsel for the Cowlitz Indian Tribe*