UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                              |     |                                  |
| -------------------------------------------- | --- | -------------------------------- |
| _____             | )   |                                  |
| CLARK COUNTY, WASHINGTON                     | )   |                                  |
| et al.,                                      | )   |                                  |
|                                              | )   |                                  |
|     Plaintiffs,                              | )   |                                  |
|                                              | )   |                                  |
|     v.                                       | )   | Civil Action No. 11-278 (RWR)    |
|                                              | )   |                                  |
| UNITED STATES DEPARTMENT OF                  | )   |                                  |
| THE INTERIOR et al.,                         | )   |                                  |
|                                              | )   |                                  |
|     Defendants.                              | )   |                                  |
| _____             | )   |                                  |

MEMORANDUM ORDER

The federal defendants have moved for voluntary remand and
stay of this litigation, arguing that the Department of the
Interior intends to carefully review certain documents that the
plaintiffs provided in connection with the pending summary
judgment briefing and to reconsider the initial reservation
gaming determination that plaintiffs challenge in the present
suit.  The federal defendants, along with the intervenor-
defendant have also moved for an extension or stay of the
briefing schedule.  According to the defendants, "DOI's review of
the challenged decision could result in reversal of the initial
reservation determination," which "could render moot or otherwise
resolve some or all of the Plaintiff's claims."  (Fed. Defs.'
Mot. for Voluntary Remand and Stay of the Litigation and Mem. in
Supp. Thereof ("Fed. Defs.' Mot. Remand") at 9.)  The Department
"proposes to review the initial reservation determination by

-2-

September 25, 2012," by reviewing the administrative record and
the supplemental administrative record documents that include the
documents provided by the plaintiffs.  (Id. at 10.)  The federal
defendants propose to file a status report within 30 days of the
order to remand.  The intervenor-defendant, Cowlitz Indian Tribe,
does not oppose the federal defendants' motion for voluntary
remand.  The plaintiffs, however, oppose the defendants' motions,
arguing that the defendants have had adequate time to review all
relevant facts, that the plaintiffs' claims may be resolved on
the basis of the threshold issue of the Secretary of the
Interior's authority to issue the challenged decision, and that
the defendants plan to adopt a legally erroneous position based
on the additional factual material.

Principles of judicial economy counsel in favor of affording
the federal defendants a reasonable opportunity to reconsider and
potentially rescind the challenged determination.  See Rohr
Industries v. Washington Metro Area Transit Auth., 720 F.2d 1319,
1325 (D.C. Cir. 1983) ("Courts are certainly empowered to delay
action where there is a likelihood that a related, though not
identically overlapping agency action may produce results that
will render the complex fact pattern simple, or the lengthy
proceeding short.").  An extension will conserve judicial
resources, as well as those of the parties, by preventing
litigation that may be premature or moot.  The plaintiffs have
not articulated any prejudice to them that would result from a

-3-

limited delay to this end.   Neither a remand nor a stay, however,
is necessary to enable the federal defendants to review and
reconsider the determination.   Instead, the deadline for the
defendants to file oppositions to the plaintiffs' summary
judgment motion will be extended.   Should the federal defendants
decide in the interim to rescind or otherwise alter their
determination, they shall file promptly a notice of such action.
Accordingly, it is hereby

ORDERED that the Federal Defendants' Motions for Voluntary
Remand and Stay of the Litigation [56, 58] be, and hereby are,
DENIED.   It is further

ORDERED that the Federal Defendants' and the Cowlitz Indian
Tribe's Motions [57, 59, 60] for Extension or Stay of Briefing
Schedule and Request for Expedited Consideration be, and hereby
are, GRANTED IN PART and DENIED IN PART.   The briefing schedule
is extended as follows: The defendants' cross motions and
responses to the plaintiffs' summary judgment motion shall be due
October 5, 2012, the plaintiffs' replies and oppositions shall be
due November 5, 2012, and the defendants' replies shall be due
November 26, 2012.   The request for a stay is denied.

SIGNED this 29th day of August, 2012.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge